# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

REPUBLIC BANK OF CHICAGO,

    Plaintiff,

v.                                         Case No: 2:21-cv-415-SPC-NPM

GEHRISCH INSURANCE &
FINANCIAL SERVICES, INC.,
GEHRISCH INSURANCE &
FINANCIAL SERVICES INC
and MITCHELL ARDEN
GEHRISCH,

    Defendants.
_____/

## **ORDER**[1]

Before the Court is a *sua sponte* review of Complaint. (Doc. 1). Plaintiff Republic Bank of Chicago brings several state-law claims. Yet Republic failed to establish diversity jurisdiction, so the Complaint is dismissed.

Federal courts have limited jurisdiction. And they are "obligated to inquire into subject matter jurisdiction *sua sponte* when it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). State-law claims can be filed in federal court under 28 U.S.C. § 1332 if the amount

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

in controversy exceeds $75,000 and the parties are citizens of different states. *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000). For purposes of diversity, corporations are "citizens of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). "The phrase "principal place of business" refers to the place where the corporation's high-level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010).

Here, Republic's entity status is unclear. Without an indication of Republic's form, it is impossible to gauge citizenship. The Complaint just says, "Republic Bank, is a FDIC insured bank headquartered in Oak Brook, Illinois." (Doc. 1 at 1). If Republic is a corporation, this is insufficient. Again, a corporation's state of incorporation and principal place of business are relevant for diversity purposes. *Hertz,* 559 U.S. at 77-78. Although Republic Bank stated it is headquartered in Illinois, it has not pled its state of incorporation or principal place of business. So the Court is left guessing where Republic is a citizen.

Defendant Mitchell Gehrisch's citizenship is also unsettled. The Complaint alleges he "is an individual residing in Sarasota County, Florida." (Doc. 1 at 2). That's not enough. "For purposes of diversity, citizenship means domicile; mere residence in the State is not sufficient." *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013) (citation omitted). "And domicile

requires both residence in a state and an intention to remain there indefinitely." Id. at 1269 (cleaned up).  The Complaint, therefore, fails to correctly define Gehrisch's citizenship.  Without identifying his domicile, the Court cannot conclude the parties are completely diverse.

As it stands, Republic failed its burden to plead subject-matter jurisdiction.  So the Court dismisses with leave to amend.  28 U.S.C. § 1653.

Accordingly, it is now

**ORDERED:**

This action is **DISMISSED without prejudice** for lack of subject matter jurisdiction.  Plaintiff may file an amended complaint on or before **June 17, 2021**.  **Failure to do so will result in the Court closing this case.**

**DONE** and **ORDERED** in Fort Myers, Florida on June 3, 2021.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record