UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

REPUBLIC BANK OF CHICAGO,

    Plaintiff,

v.                                        Case No. 2:21-cv-0415-SPC-NPM

GEHRISCH INSURANCE &
FINANCIAL SERVICES INC., a Florida
corporation; GEHRISCH INSURANCE
& FINANCIAL SERVICES INC, a
Florida corporation; and MITCHELL
ARDEN GEHRISCH, individually,

    Defendant.

## ORDER

Before the Court are two motions for clerk's default (Docs. 16 and 17). Plaintiff Republic Bank of Chicago requests the Court direct the clerk to enter a default against Defendant Gehrisch Insurance & Financial Services Inc., and Gehrisch Insurance & Financial Insurance Inc (these two separate entities are both incorporated in Florida, Doc. 13, ¶¶ 2-5, and similarly named; however, the latter entity does not have a period after "Inc"). The time to respond to the motions has lapsed without the filing of anything by either entity. But because neither entity was properly served, the Court denies Plaintiff's motions.

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Before directing the clerk to enter a default, however, the Court must determine whether Plaintiff properly effected service of process, for which Plaintiff bears the burden of proof. Fed. R. Civ. P. 4(l); *Chambers v. Halsted Fin. Servs., LLC*, No. 2:13-cv-809-FTM-38, 2014 WL 3721209, *1 (M.D. Fla. July 28, 2014); *Zamperla, Inc. v. S.B.F. S.R.L.*, No. 6:13-cv-1811-Orl-37, 2014 WL 1400641, *1 (M.D. Fla. Apr. 10, 2014).

Service within the United States on an entity defendant can be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(h)(1)(A) & 4(e)(1); *see also Chambers*, 2014 WL 3721209 at *1. Or, service can be effected "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process …." Fed. R. Civ. P. 4(h)(1)(B). But Plaintiff did not serve an officer or agent of either entity. Instead, on July 21, 2021, the process server delivered the summons for each entity and either the complaint or the amended complaint to Pat Casselberry, who apparently owns a virtual office facility that presumably provided at least temporary office space to these entity defendants. (Docs. 14 and 15).

Plaintiff makes no effort to show that this form of service satisfies either Rule 4(h)(1)(B) or any applicable provision of state law, and the Court is not aware of how it might. With no proper service, the entry of a clerk's default would be improper. Accordingly, the motions for clerk's default (Docs. 16 and 17) are **DENIED**.

By **November 22, 2021**, Plaintiff shall serve all three defendants and file proof of same.

**ORDERED** in Fort Myers, Florida on September 14, 2021.

*Nicholas P. Mizell*
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE