UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

REPUBLIC BANK OF CHICAGO,

      Plaintiff,

v.                                                      Case No. 2:21-cv-415-SPC-NPM

GEHRISCH INSURANCE &
FINANCIAL SERVICES, INC.,
GEHRISCH INSURANCE &
FINANCIAL SERVICES INC and
MITCHELL ARDEN GEHRISCH

      Defendants.
_____

# ORDER

Before the Court is Plaintiff Republic Bank of Chicago's motion for extension of time to serve Defendant Mitchell Arden Gehrisch. But Gehrisch has filed an answer and thereby waived any service-of-process defense. (Doc. 34). Thus, Plaintiff's motion for an extension of time to serve Gehrisch (Doc. 27) is **DENIED AS MOOT**.

Also before the Court is a motion for more time to respond to the amended complaint purportedly filed by Defendant Gehrisch Insurance & Financial Services, Inc. Notably, the other entity defendant in this action—of the same name but without a period after the Inc—is not referenced in the motion. And as Plaintiff correctly argues in its pending motion for the entry of a Clerk's default against both entities

(Doc. 39), an entity defendant may only appear through counsel. So, the motion ostensibly made for the benefit of Gehrisch Insurance & Financial Services, Inc. is improper and must be rejected.[1] Thus, Gehrisch Insurance & Financial Services, Inc.'s "Motion to Enlarge Time to File Response" (Doc. 33) is **DENIED WITHOUT PREJUDICE**.

Not only do the entity defendants' responses to the amended complaint remain overdue, but their responses to Plaintiff's motion for the entry of a Clerk's default are due by **January 20, 2022**.

**ORDERED** in Fort Myers, Florida on January 11, 2022.

_____
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE

copy by postal mail:

Mitchell Arden Gehrisch
3040 Oasis Grand Blvd Apt 705, Fort Myers, FL 33916

Gehrisch Insurance & Financial Services, Inc.
3040 Oasis Grand Blvd Apt 705, Fort Myers, FL 33916

Gehrisch Insurance & Financial Services, Inc
3040 Oasis Grand Blvd Apt 705, Fort Myers, FL 33916

---

[1] In addition, the purported movant has yet to file a Local Rule 3.03 disclosure and the purported motion fails to comply with Local Rule 1.08. Moreover, the Court tends to strictly enforce its motion-related conference requirements to foster communication between the parties, narrow or resolve issues without Court involvement, and ensure that disputes are neither under- nor overstated when first presented to the Court for resolution; thus, all motions must comply with Local Rule 3.01(g).